KIRBY, Appellant, v. SMITH, Respondent.

(224 N. W. 230.)

(File No. 6702. Opinion filed March 16, 1929.)

*H. F. Fellows* and *George E. Flavin,* both of Rapid City, for Appellant.

*Williams & Sweet,* of Rapid City, for Respondent.

BROWN, J. At the trial of this action, the court sustained an objection to the introduction of any evidence, directed a verdict for defendant, and entered judgment dismissing the action, from which plaintiff appeals.

The complaint alleged, in substance: That plaintiff was 18 years of age, by trade or profession a clerk, and until the time complained of was engaged in clerical work in business houses in Rapid City, where she was a resident and had an extensive acquaintance.. That in the month of February, 1927, the defendant, in conversation with numerous persons in Rapid City, did speak of and concerning the plaintiff the following words: "That the plaintiff was then afflicted with tuberculosis (and did thereby impute to her the existence of an infectious and contagious disease), and that plaintiff was physically unfit to be employed in any capacity in said city wherein she must meet or deal with the public, and that her condition of health was such that any person dealing with her or transacting any business or coming in contact with her was likely to become afflicted with said infectious and contagious disease." That each and all of the aforesaid statements were false and unprivileged and were published and uttered for the purpose and with the intent of injuring plaintiff, to deprive her of the association of friends and companions, to deprive her of friendly intercourse and society, and for the purpose of preventing her from securing employment in Rapid City, and to prevent her from earning a livelihood therein by decent and lawful employment. That by reason of the speaking and publishing of the aforesaid false, slanderous, and malicious words, plaintiff has been injured in her good name and reputation, and has been damaged to the extent of $2,000, and has been deprived of her honest employment to the value of $2,000, wherefore she demands judgment against defendant for $4,000, together with the costs of the action.

In his brief, respondent moves to strike pages 1-6 of the settled record, because the judge's certificate is insufficient, and because the transcript of the proceedings is said to be uncertified. Respondent gives no intimation of what the defects in the judge's certificate are, and as the settled record has not been sent up to this court, and the alleged defects are stated only in the form of legal conclusions, we are unable to consider any of the technical objections referred to in respondent's brief. The motion to strike any part of the settled record is therefore denied.

The only question before us is the sufficiency of the complaint to state a cause of action. Rev. Code, § 98, in so far as applicable to this case, defines slander as follows:

"Slander is a false and unprivileged publication, other than libel, which:

"1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;

"2. Imputes to him the present existence of an infectious, contagious, or loathsome disease;

"3. Tends directly to injure him in respect to his office, profession, trade, or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade or business that has a natural tendency to lessen its profit."

It is plaintiff's contention that the words alleged to have been spoken of her by defendant are slanderous within the definition of both subdivisions 2 and 3 of section 98. This section is the same as section 30 of the proposed Civil Code of New York and the codifiers cite as authority for subdivision 2 the case of Williams v. Holdredge, 22 Barb. (N. Y.) 396, in which case it was alleged that defendant had published that plaintiff had a venereal disease, and in most of the cases which have come to our attention the disease imputed was of that character and have come from jurisdictions where the common-law definition of contagious and loathsome disease is involved. But the definition is not restricted to imputation of venereal diseases alone, as attested by the fact that accusations that plaintiff is afflicted with leprosy have been held slanderous.

In the opinion of the court in Williams v. Holdredge, supra, it is said: "Man being formed for society, and standing in almost constant need of the advice, comfort and assistance of his fellow creatures, it is highly reasonable that any words which import the charge of having a contagious distemper should be in themselves actionable, because all prudent persons will avoid the company of a person having such distemper. It makes no difference whether the disease be owing to the visitation of God, to accident or to the indiscretion of the party therewith afflicted, for in every one of the cases the being avoided, from which the damage arises, is the consequence, and upon this the action is predicated." It appears, therefore, that the compilers of the proposed New York Code had in mind not only venereal diseases, but any other contagious or

infectious disease which might cause the party afflicted therewith to be avoided.

The complaint in the present case alleges that the defendant published of and concerning the plaintiff that she was afflicted with tuberculosis to an extent that any person dealing with her or transacting any business or coming in contact with her was likely to become afflicted and infected with tuberculosis. It seems to us that this would have a tendency to make some people avoid her.

It is further alleged that defendant said her condition was such that she was physically unfit to be employed in any capacity where she must meet or deal with the public. We think that this would tend to injure her in respect to her profession or business. It imputes to her a general disqualification in respect to the occupation of a clerk, and the language alleged to have been spoken by the defendant of and concerning the plaintiff would certainly have a tendency to prevent her from procuring employment.

We think the complaint states a cause of action, and that the court erred in sustaining the objection to the introduction of any evidence thereunder and entering judgment upon a directed verdict for the defendant.

Judgment appealed from is reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.